UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHICAGO CITY OF,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES STEEL CORPORATION,<br><br>   Defendant. | Case No. 2:22-CV-357 JD |

**OPINION AND ORDER**

This case arises from the City of Chicago's refiling of its negligence claim, as previously instructed by the Court in a prior order in a related case. Defendant U.S. Steel filed a motion to dismiss, levying a number of procedural attacks against the complaint. At its core, the complaint represents the very same negligence complaint the Court has always intended to allow to proceed. However, the City committed a significant error in pleading Count II, negligence per se, apparently inadvertently pleading a barred private right of action claim. This error renders that count subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). The Court therefore grants in part and denies in part U.S. Steel's motion to dismiss.

**A. Facts**

The story of this case begins in 2017 at U.S. Steel's Midwest Plant in Portage, Indiana. In April of that year, the plant released a dangerous amount of hexavalent chromium into Lake Michigan. This environmental incident resulted in a series of lawsuits against U.S. Steel. There were two suits predicated on the enforcement of the federal Clean Water Act ("CWA"), the Enforcement Action and the Citizen Suit. The United States and the State of Indiana filed one

case against U.S. Steel in April 2018 ("The Enforcement Action") (*United States v. United States Steel Corp.,* 2:18-cv-127). The Surfrider Foundation and the City of Chicago filed suit against U.S. Steel in January 2018 under the CWA's "citizen suit" provisions, which allow people and entities other than the state and federal governments to enforce the CWA (the "Citizen Suit") (*The Surfrider Foundation v. United States Steel Corp.,* 2:18-cv-20). The Citizen Suit also included a negligence claim for damages the City incurred due to the spill. Surfrider and Chicago agreed to stay the Citizen Suit while the Enforcement Case proceeded, and later joined the Enforcement Case as Intervenor-Plaintiffs. The Enforcement Case ultimately concluded with a Revised Consent Decree which the Court entered on September 2, 2021. (*United States v. United States Steel Corp.,* 2:18-cv-127 DE 105; 107).

The Court lifted the stay on the Citizen Suit and dismissed the claims in an order dated September 22, 2022. The Court found the Citizen Suit's CWA claims were res judicata, as they had already been addressed in the Enforcement Action. The Court also addressed the City's negligence claim and found it was not preempted by the Clean Water Act but declined to exercise supplemental jurisdiction over the claim.[1] The Court therefore dismissed the negligence claim, writing: "the City's state law negligence claim will be dismissed without prejudice. The

---

[1] In the Citizen Suit, U.S. Steel argued the Court should decline to exercise supplemental jurisdiction if the Court dismissed the CWA claims with prejudice. The City did not respond to this argument, and it was not clear from the face of the complaint whether the presence of The Surfrider Foundation destroyed diversity jurisdiction. The Court's order dismissed the CWA claims and declined to exercise supplemental jurisdiction over the negligence claim. The negligence claim was dismissed without prejudice. It was error for the Court to make a jurisdictional determination without full information on the citizenship of the parties. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (jurisdiction may not be waived and courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party). The City refiled its negligence claim without The Surfrider Foundation, and the Court now clearly has original jurisdiction over the negligence claim because total diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Accordingly, when the City refiled in state court without The Surfrider Foundation, U.S. Steel removed the action, and we are back here again. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) (subsequent removal to federal court appropriate where circumstances changed).

City will have 30 days to refile its negligence claims if it sees fit to do so." (*Surfrider Foundation et. al v. United States Steel Corp.*, 2:18-cv-20 DE 66 at 22). On October 21, 2022, the City filed this suit in Indiana state court, bringing a claim for general negligence and a negligence per se claim based on the 2017 spill and further spills in 2021. On the basis of diversity jurisdiction, U.S. Steel removed the action to federal court. The action was then transferred to this Court due to its familiarity with the prior litigation. U.S. Steel filed a motion to dismiss, which is now ripe for decision.

### B. Legal Standard

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (*quoting Iqbal*, 556 U.S. at 678).

### C. Discussion

U.S. Steel argues the City's negligence and negligence per se claims are legally foreclosed because they are private right of action claims under the CWA, they are res judicata by the Enforcement Action and Citizen Suit, and they are barred by the statute of limitations. The Court finds U.S. Steel's argument that the negligence per se claim is improperly pled as a private right of action meritorious but rejects U.S. Steel's other arguments. Accordingly, the motion to dismiss is granted in part and denied in part; Count II is subject to dismissal and Count I survives.

U.S. Steel advances several arguments for dismissal of the claims. First, U.S. Steel argues the City's negligence claims are an attempt to bring a private right of action, repackaging the claims already addressed in the Enforcement Action. U.S. Steel also argues several errors in pleading the negligence per se claim require its dismissal. Second, throughout its filings, U.S. Steel argues it is "entitled to finality" on the claims and that the claims are res judicata. (DE 17 at 9.) Third, U.S. Steel argues the negligence claims are so different from that originally contemplated in the Citizen Suit that they are time barred. The Court rejects these arguments and finds the City may proceed with its negligence claims because they constitute the very negligence action the Court contemplated when it dismissed the claims without prejudice and granted the City leave to file its state law claims in state court.

### *(a) Count I does not attempt to bring a private right of action.*

U.S. Steel argues Count I represents an attempt to bring a private right of action under the CWA. While it is true injured parties cannot seek damages in private right of action under the CWA, this claim seeks no such thing. *See Middlesex Cnty. Sewerage Auth. v. Nat'l Sea*

*Clammers Ass'n*, 453 U.S. 1, 15, 101 S. Ct. 2615, 69 L. Ed. 2d 435 (1981) (rejecting a private right of action under the CWA).

U.S. Steel does not offer much in the way of legal support for its assertion that the general negligence claim is instead an impermissible private right of action claim; the crux of the argument appears to be that the negligence claim is based on the same underlying events as the Enforcement Action and Citizen Suit. U.S. Steel writes, "the claims are based on U.S. Steel's alleged violations of its NPDES permit, [and therefore,] they can only be asserted under the CWA's citizen suit provisions." However, there is no support in the law for the proposition that a negligence claim cannot be based on conduct also unlawful under the CWA, or that overlap in those factual allegations renders a negligence claim a private right of action. It is a matter of black-letter law that state negligence claims may co-exist with CWA claims, and that a negligence claim does not automatically become a private right of action just because the same conduct is also forbidden under the CWA. *See See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 488–89, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (rejecting the idea that "a statute expressly geared to protecting 'water,' 'shorelines,' and 'natural resources' was intended to eliminate *sub silentio* oil companies' common law duties to refrain from injuring the bodies and livelihoods of private individuals."); *see also Stillwater of Crown Point Homeowner's Ass'n, Inc. v. Stiglich*, 999 F. Supp. 2d 1111, 1137 (N.D. Ind. 2014) (summary judgment not warranted on plaintiff's negligence per se claim despite claims arising from the same conduct); *Stillwater of Crown Point Homeowner's Ass'n, Inc. v. Kovich*, 820 F. Supp. 2d 859, 904 (N.D. Ind. 2011) (allowing CWA, negligence, and negligence per se claims to proceed concurrently). Further, the Court notes it already rejected a similar argument in the Citizen Suit when it found the CWA did not preempt the City's negligence claim. (Citizen Suit DE 66 at 20–21) ("*International Paper Company v.*

*Oullettee* [] explicitly holds that the Clean Water Act does not bar plaintiffs from bringing state law claims pursuant to the law of the state in which the pollution source is located. 479 U.S. 481, 497 (1987).") Reference to the same underlying facts alone is not sufficient to render the negligence claim a private right of action; therefore, the Court looks to the allegations of the complaint.

The difference between a negligence claim and a private right of action is the origin of the duty. *Troth v. Warfield*, 495 F. Supp. 3d 729, 735–36 (N.D. Ind. 2020). In a private right of action claim, "a plaintiff asserts that a statute or ordinance, itself, created an enforceable duty." *Id.* The City pled a violation of the common law duty of reasonable care in Count I; as a matter of law, this is a negligence claim and not a forbidden private right of action. *See Stachowski v. Est. of Radman*, 95 N.E.3d 542, 545 (Ind. Ct. App. 2018) (private right of action claims rely on statutes for the duty as well as the applicable standard of care). Further, in reviewing Count I, the traditional elements of a negligence claim — common law duty, breach, causation, and injury — are all found. The information about the permit is clearly provided as part of the background for the benefit of the reader; there is no suggestion that the City seeks damages based solely on the CWA without meeting the requirements of proving its negligence claim. Therefore, Count I does not represent a private right of action, and dismissal is not warranted.

**(b) Count II, negligence per se, is subject to dismissal because it states a private right of action.**

U.S. Steel also argues the City's negligence per se claim is barred because it alleges a private right of action. This is a closer question. In the complaint, the City writes, "U.S. Steel violated its *duties imposed by* the CWA, Title 13 of the Indiana Code, Title 327 of the IAC,

and/or the Revised Consent Decree by its acts and omissions." (DE 2.) As the Court has just stated, a duty arising from a statute is a private right of action claim. *See Vale Park Animal Hosp., LLC v. Project 64*, LLC, 611 F. Supp. 3d 600, 604 (N.D. Ind. 2020). However, in its response, the City acknowledges that a claim for violations of a statutory duty alone constitutes a forbidden private right of action, and concedes that it intends to proceed under the common law duty of reasonable care, with violations of the mentioned statutes as evidence of negligence per se. Thus, the reference to a statutory duty appears to be a technical pleading error. However, the Court cannot rely on the City's post hoc concession alone, and repleading is required.

Rule 8(a) requires "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Rule 8 "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). The Supreme Court has clarified the plaintiff's pleading responsibility, which is to plead sufficient facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570, 127 S.Ct. 1955; *Iqbal*, 129 S.Ct. at 1949. "[A] basic objective of the rules is to avoid civil cases turning on technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (citing 5 Wright & Miller, Federal Practice and Procedure § 1215 at 165–173 (3d ed. 2004)). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and

accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014).

But this is not the kind of technical pleading error the Court is able to ignore. While the rules exhibit a tolerance for some amount of vagueness in pleading, a motion to dismiss is appropriately granted when a plaintiff has erroneously pled a cause of action that is legally barred. *See, e.g., Branson v. Newburgh Police Dep't*, 849 F. Supp. 2d 802, 814 (S.D. Ind. 2011) (dismissing state law tort claims are immune from suit as a matter of law under the Indiana Tort Claims Act). If there is no chance of recovery based on the pleading, a claim cannot possibly proceed. *See Twombly*, 550 U.S. at 552 (must "state a claim *upon which relief can be grant*ed"). Rather than omitting a legal theory and proceeding on facts alone, the City has stated a different but similar cause of action, a private right of action, which is not actionable as a matter of law. While a Court can discern an unnamed legal theory when a plaintiff alleges facts, the Court cannot ignore the plain language of the complaint. *Cf. Mack v. Resurgent Cap. Servs.*, L.P., 70 F.4th 395, 405 (7th Cir. 2023) (on a motion to dismiss, "we assume the truth of *the allegations in the complaint*") (emphasis added); *Swanson*, 614 F.3d at 405 (part of notice under the federal pleading regime is "show[ing] how, in the plaintiff's mind at least, the dots should be connected"). The Court must assume the City relies on a statutory duty, as is alleged in the complaint, and the claim must be dismissed without prejudice to repleading as a negligence per se claim based on a common law duty. The City shall be granted 21 days to file an amended complaint if it so desires.

**(c) U.S. Steel is not "entitled to finality" or res judicata on the City's negligence claims.**

U.S. Steel argues the instant claims are the same claims addressed and dismissed with prejudice in the Citizen Suit, therefore they are barred by the doctrine of res judicata. (DE 7 at 14.) The defendant writes, "U.S. Steel is entitled to finality and repose on the claims settled by the Revised Consent Decree… Allowing the City or any other party to make an end-run around the resolution of the statutory claims by re-pleading them as common law claims defeats the purpose of reaching a court-approved settlement." Respectfully, U.S. Steel is not entitled to anything in this regard, as the Consent Decree does not address or remedy the harms detailed in the negligence claim and no final judgment has been entered.

The Court can quickly dispose of U.S. Steel's res judicata argument. It is clear these claims are not res judicata because no final decision was issued on the merits. Res judicata, or claim preclusion, has four elements: "(1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies." *Robbins v. MED-1 Sols., LLC*, 13 F.4th 652, 657 (7th Cir. 2021) (*citing Afolabi v. Atl. Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006)). Here, the second element is not met, as no judgment on the merits has been issued as to either negligence claim. The general negligence claim was dismissed without prejudice to refiling in the Citizen Suit, and the negligence per se claim, as a continuation of that claim, enjoys similar protection. Claim preclusion "seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost;" here, the City has not had the opportunity to litigate a negligence claim to final judgment. Accordingly, res judicata does not bar the claims.

U.S. Steel argues more vaguely that it is "entitled to finality" on litigation relating to the spills. This is not persuasive, as alleged harms from the spill remain unaddressed even after the Enforcement Action and Citizen Suit. Simply put, the CWA actions could not compensate the City for the damages it incurred because of the spill, and so its negligence claim has not been adjudicated. Remedies under the CWA include injunctive relief and civil penalties payable to the United States Treasury. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 173, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). But in this case, the City's negligence claims seek compensatory damages for expenses incurred by the City after U.S. Steel's failure to report the spill — not injunctive relief, and not a fine paid to the treasury. The civil penalty awarded under the CWA does not supplant monetary compensation for injured parties. *See Exxon v. Baker*, 554 U.S. at 488–89. So, though the underlying facts concern the same events, the Enforcement and Citizen Suits did not resolve the City's claims.

The City's alleged actual, compensable injuries were not resolved by the Consent Decree. Indeed, they could not be, as any monetary fine would be paid to the federal government. One might think of a defendant paying both a CWA civil penalty and common law compensatory damages as analogous to a criminal defendant paying both a fine and restitution: while the purpose of the civil penalty is to deter future wrongdoing, the purpose of compensatory damages is to make the injured party whole. *See Friends of the Earth* 528 U.S. at 193 (describing the deterrence purpose of the penalty). U.S. Steel has not answered for the City's damages, and it is not entitled to finality or res judicata on those claims just because it was also subject to suit on a different basis previously.

10

### *(d) The negligence claims are not time barred.*

U.S. Steel argues that changes to the pleadings have rendered these claims time barred because they do not fall within the protection of the Court's order in the Citizen Suit and they are not protected by Indiana's Journey's Account Statute. Essentially, U.S. Steel argues the claims are too different from the prior negligence claims to be protected. The Court finds the City is not required to plead identical allegations, and further developing the allegations does not render them time barred. Instead, the allegations of the current complaint are protected by the Journey's Account Statute and the Court's prior order.

The present claims are not time barred because they fall under the protection of Indiana's Journey's Account Statute. When considering whether the allegations are time barred under a state statute of limitations, the Court adopts accompanying state tolling and savings provisions as well. *Lake v. Hezebicks*, No. 2:14-CV-00344-WTL, 2015 WL 224786, at *3 n.2 (S.D. Ind. Jan. 15, 2015) (*citing Hollins v. Yellow Freight Sys., Inc.*, 590 F. Supp. 1023 (N.D. Ill. 1984)). Indiana has adopted a generous Journey's Account Statute, which allows additional time for refiling an action if a previous action has failed. Indiana Code § 34-11-8-1. Under that statute, when a plaintiff fails in a legal action from any cause except negligence of prosecution, a plaintiff may file a new action as a continuation of that action within three years after the date of that failure. *Id*. Dismissal without prejudice for lack of jurisdiction is a qualifying failure and does not constitute negligence of prosecution. *Huffman v. Hains,* 865 F.2d 920, 924 (7th Cir. 1989). The instant action was filed within three years of the dismissal without prejudice of the Citizen Suit, and the Citizen Suit was dismissed without prejudice. Therefore, the only question is whether the pleadings in this case are so different from those in the prior case that they are not to be considered a continuation under the Journey's Account Statute. The Court will begin by

11

addressing Count I before turning to Count II. The Court finds the newly pleaded counts are adequately similar to the prior claim and are therefore timely brought.

Count I is nearly identical to the Citizen Suit's negligence claim; it is obviously a continuation. "Generally, for an action to be considered a continuation of the former [suit under the Journey's Account Statute], the parties, the facts, and the causes of action must be the same." *Land v. Int'l Bus. Machines Corp.*, 108 F. Supp. 3d 632, 637 (S.D. Ind. 2015) (suit was a continuation where plaintiff sued only government entity and not employee in her official capacity in new action). However, when evaluating these factors, courts take a somewhat lenient approach: in applying the Statute, "the important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." *McGill v. Ling*, 801 N.E.2d 678, 686 (Ind. Ct. App. 2004). Here, U.S. Steel argues the addition of four new sentences to the over 100 paragraphs of the negligence claim render it a new suit, not a continuation of the prior suit. The Court does not find this persuasive; the changes are so minimal that no reasonable person would find the actions are not based upon the same facts. As the City points out, the additional sentences merely restructure allegations that have always appeared in the City's negligence claim. Given that the same allegations previously appeared in a complaint within the statute of limitations, there can be no question U.S. Steel received timely notice. U.S. Steel has offered no support, and the Court could not locate any, for the proposition that the wording of allegations of fact must be identical in the prior and new actions. Moreover, the idea that reformatting one's otherwise identical allegations of fact could render the complaint time barred is not in accordance with the purpose and principles of the Journey's Account Statute or the federal pleading rules. Simply put, the general negligence claim

*is* the claim the Court dismissed without prejudice, and it is not time barred because it falls within the Journey's Account Statute.

Next, U.S. Steel argues the addition of the negligence per se claim is not a continuation. While it is true the Citizen Suit did not contain a negligence per se claim, the Court finds these claims are sufficiently similar to render the negligence per se claim a continuation of the earlier action. First, it bears noting that negligence per se can also be a doctrine for proving breach in a general negligence claim. *See Gresser v. Reliable Exterminators, Inc.*, 160 N.E.3d 184, 191 (Ind. Ct. App. 2020) (*citing Stachowski v. Est. of Radman*, 95 N.E.3d 542, 544 (Ind. Ct. App. 2018)). Even if the City had not pled negligence per se as a separate claim, it likely could have introduced evidence of the statutory violation to show breach of the common law duty of care when litigating its general negligence claim. Therefore, it seems the causes of action are substantially the same, and it is not appropriate to punish the City for an effort to plead its theory of negligence more clearly, giving the defendant greater notice of the kind of evidence it can anticipate. Second, even if the causes of action differed, it does not necessarily follow that the second suit is barred. *Eads v. Community Hospital* is instructive. 932 N.E.2d 1239 (Ind. 2010). In that case, the Indiana Supreme Court found a new action was a continuation of the prior action where the causes of action alleged differed. *Id*. at 1246. Plaintiff initially brought a general negligence claim; upon repleading, she filed a medical malpractice claim. Though noting the "the actual claim — the source of alleged liability — is wholly different," the court found there "the new complaint changed no parties, facts or elements, and altered only the procedural requirements to assert the claim" and therefore was a continuation. *Id*. Similarly, here, the City relies on the same set of facts and allegations in pleading its negligence per se claim as were included in the Citizen Suit's negligence claim. Though the wording is not identical, it is

13

sufficiently similar to prepare the defendant to meet the claim. *Id*. Moreover, it is clear the City could have anticipated the original negligence claim would be in some way predicated on the statutory violation – after all, the CWA and negligence claims were brought together in the same action, the Citizen Suit. U.S. Steel, then, has had notice of the parties, facts, and allegations undergirding the negligence claim and its relationship to statutory violations since the commencement of this series of suits. It therefore does not offend justice to find the negligence per se claim is a continuance of the Citizen Suit's negligence claim.

For the aforementioned reasons, the Court finds the present action is a continuation of the negligence claims dismissed without prejudice in the Citizen Suit. The City's claims are therefore not barred by the statute of limitations because they come within the protection of the Indiana Journey's Account Statute.

### *(e) Inclusion of administrative violations and Consent Decree in the negligence per se claim does not bar the claims.*

Finally, U.S. Steel argues the negligence per se claim must be dismissed because it relies on violations of administrative rules and the Consent Decree, which cannot form the basis of a negligence per se action. "Violation of an administrative regulation generally can be considered evidence of negligence for a jury to consider, though it is not negligence per se." *Beta Steel v. Rust*, 830 N.E.2d 62, 73-74 (Ind. Ct. App. 2005). Though the City refers to administrative violations and the Consent Decree in its negligence per se count, it is clear the claim does not rely on those violations alone, as those references always appear immediately after citations to federal and state statutory violations. Those references alone do not require repleading, because

the administrative and Consent Decree violations can serve as further, less persuasive, evidence of breach. *Id*. As a result, the Court declines to dismiss the negligence per se claim on this basis.

### D. Conclusion

For the reasons stated above, the COURT GRANTS IN PART AND DENIES IN PART U.S. Steel's motion to dismiss. Count II, negligence per se, is dismissed without prejudice. The Court grants the City 21 days to file an amended complaint.

SO ORDERED.

ENTERED: September 15, 2023

                                                /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court